UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL T. BRAXTON          ]
    Petitioner,             ]
                            ]
v.                          ]         No. 3:08-0497
                            ]
JAMES FORTNER, WARDEN       ]
    Respondent.             ]

To: Honorable Robert L. Echols, Senior District Judge

# R E P O R T   A N D   R E C O M M E N D A T I O N

By an order (Docket Entry No.14) entered December 1, 2008, the Court referred this action to the undersigned "for further proceedings under Rule 8(b), Habeas Corpus Rules, 28 U.S.C. § 636(b)(1)(B), and Rule 7, L.R.M.P."

Presently before the Court is the respondent's Motion to Dismiss (Docket Entry No.13), to which the petitioner has offered no pleading in opposition. The undersigned has reviewed the Motion to Dismiss and the record in this case and has concluded, for the reasons stated below, that respondent's Motion has merit and should be granted.

## I. BACKGROUND

The petitioner, proceeding *pro se*, is an inmate at the Turney Center Industrial Prison in Only, Tennessee. He brings this action

1

pursuant to 28 U.S.C. § 2254 against James Fortner, Warden of the facility, seeking a writ of habeas corpus.

On March 24, 1998, a jury in Davidson County found the petitioner guilty of aggravated rape and aggravated assault. For these crimes, he received an effective sentence of twenty three (23) years in prison. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the convictions. Docket Entry No.13-2. The Tennessee Supreme Court later denied the petitioner's application for further review.

In February, 2004, the petitioner filed a *pro se* petition for state post-conviction relief in the Criminal Court of Davidson County. Docket Entry No.13-5. The petition was summarily dismissed as untimely. On appeal, the Tennessee Court of Criminal Appeals reversed the dismissal and remanded the case back to the trial court for an evidentiary hearing to determine the timeliness of the petition. Docket Entry No. 13-3.

The trial court conducted an evidentiary hearing and concluded that the petition had been timely filed. Docket Entry No. 13-6. Following a second evidentiary hearing, though, the post-conviction petition was found to be without merit and was denied. Docket Entry No.1; Exhibit B. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 13-4. Once again, the Tennessee Supreme Court rejected the petitioner's application for additional review.

2

## II. PROCEDURAL HISTORY

On April 28, 2008, the petitioner filed the instant petition (Docket Entry No.1) for federal habeas corpus relief.[1] The petition contains four claims for relief. These claims include

> 1) the denial of effective assistance
>    a) when trial counsel strongly discouraged the petitioner from testifying in his own defense;
>    b) when trial counsel failed to challenge the denial of petitioner's Rule 412 motion;
>    c) when trial counsel neglected to offer the victim's panties into evidence or challenge an alteration of the trial transcript; and
>
> 2) the post-conviction appellate court erred when it failed to rule upon the petitioner's motion to proceed *pro se*.

Upon preliminary review of the petition, the Court determined that the petitioner had stated a colorable claim for relief. Accordingly, by an order (Docket Entry No.3) entered on August 11, 2008, the respondent was directed to file an answer, plead or otherwise respond to the petition.

Presently pending before the Court is the respondent's Motion to Dismiss (Docket Entry No.13) the petition, to which there has

---

[1] A pleading from a prisoner is considered filed on the date that it is given to prison officials for posting. Houston v. Lack, 487 U.S. 266 (1988). The petition was received in the Clerk's Office and stamped as filed on May 13, 2008. However, the petitioner has certified that the petition was placed in the prison mailing system on April 28, 2008. Docket Entry No. 1 at pg. 15. Therefore, the earlier date is deemed to be the date that the petition initiating this action was filed.

been no reply. Having carefully considered this pleading and the record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States, 348 F.3d 545,550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief).

### III. Motion to Dismiss

The respondent has alleged that this action is not timely. On April 24, 1996, the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (1996), was signed into law. This legislation made various changes to 28 U.S.C. § 2254 and other federal habeas corpus statutes. Among those changes was the addition of a one year period of limitation placed on the filing of § 2254 petitions. Consequently, a prisoner in custody pursuant to the judgment of a state court generally has one year from the date his judgment becomes final in which to file a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d).[2]

The petitioner was found guilty on March 24, 1998. The limitation period will normally run from "the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The time for seeking direct review has been held to

---

[2] 28 U.S.C. § 2244(d) actually provides that the limitation period begins to run from the latest of four dates, one of which is the date the judgment became final. The other three potential dates do not apply in this case.

4

include the ninety (90) day period during which a criminal defendant can petition the United States Supreme Court for a writ of certiorari. Isham v. Randle, 226 F.3d 691, 695 (6th Cir. 2000).

A direct appeal of the petitioner's convictions in the state courts was concluded on June 26, 2000, the date that the Tennessee Supreme Court denied petitioner's application for further review. *See* Docket Entry No.13-2. Adding ninety (90) days to this date, the petitioner's convictions became final for limitation purposes on September 24, 2000.³ Therefore, the petitioner had one year from this date, or until September 24, 2001, in which to initiate the instant action. As mentioned earlier, the habeas corpus petition was not filed until April 28, 2008. Thus, this action was filed in an untimely manner.

It must be noted, however, that the limitation period is tolled during the time that a properly filed application for post-conviction relief is pending in the state courts. 28 U.S.C. § 2244(d)(2). In this regard, the petitioner did file a petition for post-conviction relief in the Criminal Court of Davidson County. That petition, though, was not filed until February 24, 2004, more than two years after the limitation period had already expired. Docket Entry No. 13-5. As a consequence, the petitioner's post-conviction filing had no tolling effect and this action remains

---

³ The 90 day period is calculated as follows : 4 days (6/27/00 - 6/30/00) + 31 days (7/00) + 31 days (8/00) + 24 days (9/1/00 - 9/24/00) = 90 days.

5

untimely. Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

**R E C O M M E N D A T I O N**

Upon careful consideration of respondent's Motion to Dismiss (Docket Entry No.13) and the record in this case, it appears that the instant action is subject to dismissal because the petition is untimely. Accordingly, the undersigned respectfully RECOMMENDS that the respondent's Motion be granted and that this action should be dismissed.

Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice and must state with particularity the specific portions of the Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See* Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

*s/ John S. Bryant*
John S. Bryant
United States Magistrate Judge

6