# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL T. BRAXTON, ) | |
| ) | |
| Petitioner, ) | |
| ) | Case No. 3:08-0497 |
| v. ) | Judge Echols |
| ) | |
| JAMES FORTNER, WARDEN, ) | |
| ) | |
| Respondent. ) | |

## ORDER

This is a habeas corpus action brought pursuant to 28 U.S.C. § 2254. The Magistrate Judge has issued a Report and Recommendation ("R & R") (Docket Entry No. 15) recommending that Respondent's unopposed Motion to Dismiss (Docket Entry No. 13) be granted because Petitioner did not file his federal habeas petition within the one-year period set forth in the Antiterrorism and Effective Death Penalty Act (the "AEDPA") and 28 U.S.C. § 2244(b). The Petitioner has filed "Objections to Report and Recommendation" (Docket Entry No. 17).

When a party makes timely objections to a Report and Recommendation, the Court "shall make a de novo determination of the matter and may conduct a new hearing, take additional evidence, recall witnesses, recommit the matter to the Magistrate Judge for further proceedings and consideration, conduct conferences with counsel for the affected parties, and receive additional arguments, either oral or written, as the District Judge may desire." L.R.M.P. 9(b)(3). Upon de novo review, the Court concludes that the Magistrate Judge was correct in his determination that Petitioner did not timely file his Petition.

1

In the R & R, the Magistrate Judge determined that Petitioner's convictions in state court became final on June 26, 2000, the date the Tennessee Supreme Court denied Petitioner's application for further review. The Magistrate Judge then added 90 days to this date (to account for the 90 days allowed for filing a petition for writ of certiorari with the United States Supreme Court) and determined that the one-year period for filing a habeas petition began running on September 24, 2000. Therefore, the habeas corpus petition which was filed in this Court on April 28, 2008 was untimely.

In arriving at his conclusion, the Magistrate Judge recognized that the limitations period is tolled during the time that a properly filed application for post-conviction relief is pending in the state courts and that Petitioner did file an application for post-conviction relief in the state court on February 24, 2004. However, that date was more than two years after the limitations period had already expired and it therefore had no tolling effect. (Docket Entry No. 15 at 5).

As indicated, Petitioner did not respond to the Motion to Dismiss filed by Respondent. He now claims that he "declined to contest the respondent[']s motion based on the fact that 'the face of the record' clearly supports the fact that it was of no fault of the petitioner that the Tennessee Supreme Court failed in it's [sic] obligation to send the Pro-se petitioner a copy of it's [sic] final judgment." (Docket Entry No. 17 at 1).

"[A]rguments not made before a magistrate judge are normally waived." United States v. Melgar, 227 F.3d 1038, 1040 (7th Cir. 2000); accord, United States v. Moore, 2009 WL 73148 (E.D. Tenn. 2009). This is because "[t]he Magistrate Act was not intended to 'give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" Payne v. Dirton-Hill, 2008 WL 5114462 at *3 (D.S.C. 2008).

2

There are several salutary reasons for this rule, even where review is de novo. The "failure to raise arguments will often mean that facts relevant to their resolution will not have been developed," the opposing party may be prejudiced by the untimely introduction of an argument, and "a willingness to consider new arguments at the district court level would undercut the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." Melgar, 227 F.3d at 1040. The Court could therefore accept the R & R, without even considering the argument which is raised for the first time in the Objections filed by the Petitioner.

However, even considering Petitioner's argument, it is clear his Petition is untimely. The record reflects that the state trial court, after an evidentiary hearing, determined Petitioner did not learn of the finality of his state court conviction until after he wrote a letter to the Clerk of the Tennessee Supreme Court on February 14, 2003, inquiring about the status of his case. The letter was forwarded to Petitioner's trial counsel who then, in a letter dated March 3, 2003, informed Petitioner that he (counsel) assumed Petitioner had received a copy of the Supreme Court Order dated June 26, 2000. The Order from the Supreme Court was enclosed with the letter. On February 24, 2004, Petitioner filed his application for post-conviction relief and, based on this record, the trial court concluded it was timely because it was filed approximately 11 months after Petitioner learned his state court conviction was final.

The AEDPA's one-year statute of limitations commences on the date the prisoner's conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction . . . review with respect to the

3

pertinent judgment . . . is pending." 28 U.S.C. § 2244(d)(2). "The tolling provision does not, however, 'revive' the limitations period (i.e. restart the clock at zero); it can only serve to pause a clock that has not fully run." Vroman v. Brigano, 346 F.3d 598, 602 (6th Cir. 2003).

In this case, Petitioner became aware no later than mid-March 2003 (when he received the letter from counsel) that the Tennessee Supreme Court had denied his application for further review. He then waited until February 24, 2004 to file his post-conviction petition, by which time more than 11 months had run from the clock. The Tennessee Supreme Court denied Petitioner's request for permission to appeal his post-conviction petition on December 17, 2007, meaning that the clock again began to run[1] and his federal habeas petition needed to be filed no later than mid-January 2008 in order to meet the requirements of the AEDPA. See, Shelton v. Carlton, 2007 WL 869618 at **1-2 (E.D. Tenn. 2007); Farr v. Carlton, 2006 WL 2521612 at **2-3 (M.D. Tenn. 2006). Petitioner did not file his present petition until April 28, 2008 and it is therefore untimely.

Accordingly, the Court rules as follows:

(1) The R & R (Docket Entry No. 15) which found that Petitioner did not timely file his Petition under 28 U.S.C. § 2254 is hereby ACCEPTED;

(2) Petitioner's "Objections to Report and Recommendation" (Docket Entry No. 17) are hereby OVERRULED;

(3) Respondent's Motion to Dismiss (Docket Entry No. 13) is hereby GRANTED;

(4) This case is hereby DISMISSED WITH PREJUDICE;

---

[1]Unlike with direct appeals, the AEDPA clock is not tolled during the time a petition for writ of certiorari is pending or could have been filed from the denial of post-conviction relief. Lawrence v. Florida, 127 S.Ct. 1079. 2083 (2007).

4

(5) A Certificate of Appealability will not issue because Petitioner cannot demonstrate that reasonable jurists would find the Court's assessment of the untimeliness of his petition debatable or wrong; and

(6) Entry of this Order on the docket shall constitute entry of final judgment in accordance with Federal Rules of Civil Procedure 58 and 79(a).

It is so ORDERED.

						_____
						ROBERT L. ECHOLS
						UNITED STATES DISTRICT JUDGE